UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ROBERT HALF INTERNATIONAL INC.,

          Plaintiff,

- against -

DAVID WOJDYL; and
THE EXECU/SEARCH GROUP, INC.,

          Defendants.
------------------------------------------------------------x

Civ. A. No. 07-3821 (RWS)

**ORDER TO SHOW CAUSE
WITH TEMPORARY
RESTRAINING ORDER**

    This matter having been brought to the Court by Seyfarth Shaw LLP, attorneys for Plaintiff Robert Half International Inc. ("RHI"), and upon written notice of this Motion being given to defendants David Wojdyl ("Wojdyl") and The Execu/Search Group, Inc. ("Execu/Search") (collectively, "Defendants") as set forth in the accompanying Rule 65 Certification; and it appearing to the Court from the facts alleged in the Complaint, the Declaration of Dawn S. Fay, the Declaration of Gary Glaser, Esq., and the accompanying Memorandum of Law; that immediate and irreparable harm will be caused to RHI before a hearing may be held on this Motion; and for other good cause appearing for the entry of this Order, it is hereby

    **ORDERED** that sufficient reason having been shown therefore, pending the hearing and determination of this motion for preliminary injunction, Defendants, and all persons acting in concert with them, be, and hereby are, temporarily restrained and enjoined until further Order of the Court as follows:

    1.    Defendant Wojdyl is temporarily restrained and enjoined from directly or indirectly, operating, owning, being associated with, or being employed by any

    personnel placement or recruiting company, within fifty miles of either of RHI's New York City offices, located at 245 Park Avenue, New York, New York, and at 33 Whitehall Street, New York, New York;

2. Defendants, and all persons and/or entities acting on their behalf, for their benefit or in active concert or participation with them, are temporarily restrained and enjoined from directly or indirectly disclosing, reproducing, or using any confidential, proprietary and/or trade secret information of any kind, nature or description belonging to RHI, including but not limited to, information relating to RHI's clients and candidates, RHI business and financial information, RHI marketing and pricing strategies and techniques, etc.;

3. Defendants, and all persons and/or entities acting on their behalf, for their benefit or in active concert or participation with them, are temporarily restrained and enjoined from directly or indirectly contacting, or soliciting the trade and patronage of RHI customers or clients;

4. Defendants, and all persons and/or entities acting on their behalf, for their benefit or in active concert or participation with them, are temporarily restrained and enjoined from directly or indirectly contacting or soliciting RHI's candidates, applicants, temporary employees and consultants (collectively, "candidates");

5. Defendants, and all persons and/or entities acting on their behalf, for their benefit or in active concert or participation with them, are directed not to destroy, but to immediately return to RHI all documents, records and property of any kind or nature whatsoever and in whatever form, including electronic (including copies thereof and computer records) (collectively referred to as "materials"), which are within the Defendants' possession, custody or control and belong to RHI,

including, without limitation, any such materials that contain, reflect or refer to RHI's clients, candidates, training materials or other documents reflecting RHI's methods of doing business and/or business strategies;

6. Defendants, and all persons and/or entities acting on their behalf, for their benefit or in active participation with them, are to provide a sworn statement(s) and accounting(s) of the whereabouts of all RHI property, including all files, data, and/or information removed, downloaded, transferred, printed, accessed or e-mailed from RHI computers or computer network, including, but not limited to, all information copied, downloaded, transferred or printed by Wojdyl prior to the termination of his employment with RHI;

7. Defendants and all persons and/or entities acting on their behalf, for their benefit or in active concert or participation with them, are to produce for inspection and imaging all electronic devices, including, but not limited to, all computers, hard disk drives, floppy disk drives, removable storage devices (*e.g.*, thumb drives), CDs, DVDs, pda's, cell phones, blackberries, and/or all other similar electronic storage devices belonging to, under the control of, accessible to, or operated by Wojdyl to verify the use, access, disclosure, printing, copying, and return of RHI property including, but not limited to, all confidential, proprietary and/or trade secret information belonging to RHI; and

**IT IS FURTHER ORDERED** that Defendants shall preserve, and not destroy, damage, or alter in any way, all potentially relevant evidence in this action, including, but not limited to, any RHI material residing on Wojdyl's personal computer(s) and any and all electronic devices, including, but not limited to, computers, hard disk drives, floppy disk drives, removable storage devices (*e.g.*, thumb drives), CDs, DVDs, pda's, cell phones, blackberries and/or all other similar

3

electronic storage devices belong to, under control of, accessible to, or operated by Wojdyl. Defendants shall also preserve, and not destroy, damage, or alter in any way, all e-mails in any and all of Wojdyl's email accounts, including, but not limited to, his personal Hotmail account (dgwoj@hotmail.com), which refer to, relate to and/or contain RHI information of any kind; and

**IT IS FURTHER ORDERED** that

Defendants immediately produce any and all emails sent to, or from, Wojdyl's personal email account, dgwoj@hotmail.com, or any other personal email account used by Wojdyl, which refer or relate in any way to, RHI or any of RHI's clients, candidates, business information or strategies, training materials, or any other of RHI's Trade Secrets; and

**IT IS FURTHER ORDERED** that

1. RHI may, immediately after service of this Order, engage in expedited discovery for the purpose of (a) determining any unknown individual or individuals who are aiding and abetting the Defendants in the (i) theft of RHI's confidential, proprietary and trade secret information, or (ii) unfair competition with RHI; and/or (b) determining the full scope of Defendants' breaches of their common law and contractual obligations and the full scope of the RHI information and property stolen by Defendants;

2. RHI is permitted, immediately after service of this Order, to inspect and image all computers and other electronic devices, including, but not limited to, computers, hard disk drives, floppy disk drives, removable storage devices (e.g., thumb drives), CDs, DVDs, pda's, cell phones, blackberries and/or all other similar electronic storage devices belonging to, under the control of, accessible to, or operated by Wojdyl on which RHI information of any kind resides or may have resided. Accordingly, Defendants must produce, within three (3) court days of

4



service of this Order upon them, all computers or other electronic devices described above belong to, under the control of, accessible to, or operated by Wojdyl on which RHI information of any kind resides or may have resided;

3. RHI may, immediately after service of this Order upon Defendants, notice the deposition of Wojdyl, including inspecting requested documents at the deposition, upon five (5) court days' written notice;

4. RHI may, immediately after service of this Order upon Defendants, notice the deposition of a corporate witness authorized to testify on behalf of Execu/Search, pursuant to Fed. R. Civ. P. 30(b)(6), including inspecting requested documents at the deposition, upon five (5) court days' written notice;

5. RHI may, immediately after service of this Order upon Defendants, notice the deposition of any non-party pursuant to Fed. R. Civ. P. 45, upon five (5) court days' written notice;

6. RHI may, immediately after service of this Order upon Defendants, propound written discovery upon Defendants requiring verified written responses and the production of documents and things within five (5) court days after service of said request(s); and

**IT IS FURTHER ORDERED** that the Defendants show cause before this Court on the 23 day of May 2007 at the United States Courthouse for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Room 18C, at noon a.m./p.m., or as soon thereafter as counsel may be heard, why an Order should not be issued against the Defendants pursuant to Rule 65 of the Federal Rules of Civil Procedure to preliminarily continue the temporary restraints as set forth above during the pendency of this action; and

IT IS FURTHER ORDERED that no security need be posted [in the sum of $15,000]; and

IT IS FURTHER ORDERED that service of this Order and Plaintiff's RHI's supporting papers and the Summons and Complaint shall be effected by personal service or overnight delivery upon the Defendants, or upon their attorney(s), on or before the 16 day of May 2007; and

IT IS FURTHER ORDERED that Defendants shall serve and file their papers in opposition to Plaintiff RHI's motion for a preliminary injunction, if any, on or before May 21 2007; and

IT IS FURTHER ORDERED that Plaintiff RHI shall serve and file its reply papers in further support of its motion for a preliminary injunction, if any, on or before May 23 2007.

Dated: New York, New York
May 16, 2007

SO ORDERED:

_____
Sweet
U.S.D.J.