Gary H. Glaser, Esq. (GG-9696)
James S. Yu, Esq. (JY-9734)
SEYFARTH SHAW LLP
1270 Avenue of the Americas, Suite 2500
New York, New York 10020-1801
(212) 218-5500

Attorneys for Plaintiff
  Robert Half International Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ROBERT HALF INTERNATIONAL INC.,

        Plaintiff,                             07-CV-

    - against -                           DECLARATION OF
                                        GARY GLASER, ESQ.
DAVID WOJDYL; and              IN SUPPORT OF MOTION
THE EXECU/SEARCH GROUP, INC.,    FOR EXPEDITED DISCOVERY
                                        <u>AND A PRESERVATION ORDER</u>
        Defendants.

---------------------------------------------------------------x

       GARY GLASER, ESQ., an attorney duly admitted to practice law in the State of New York, hereby declares under penalty of perjury:

       1.    I am a member of the law firm of Seyfarth Shaw LLP, attorneys for the plaintiff Robert Half International Inc. ("RHI"), and I am responsible for the above-captioned case. I make this Declaration in support of RHI's Motion for a Temporary Restraining Order, Preliminary Injunction and Expedited Discovery so that discovery can commence at once prior to the filing of an answer or other response to the Complaint. Specifically, for the reasons set forth herein as well as in the papers filed by RHI simultaneously with this motion, RHI requests that (1) the time periods under Rules 26 and 34(b) of the Federal Rules of Civil Procedure for the production of documents be shortened in order to require production by Defendants David Wojdyl ("Wojdyl") and The Execu/Search Group, Inc. ("Execu-Search") (collectively,

"Defendants") within five (5) days of service by RHI of its First Request for the Production of Documents upon Defendants; and (2) that Defendants' depositions be conducted on an expedited basis at a time and date to be scheduled by counsel for RHI.

## STATUS OF THE PRESENT ACTION

2.      This action arises from the wrongdoing of Defendants. As set forth in the Complaint and the accompanying Declaration of Dawn S. Fay, Regional Vice President with RHI (the "Fay Declaration"), Wojdyl, a former employee at RHI's New York City offices, breached his non-competition agreement with RHI by joining Execu/Search, a direct competitor of RHI in the same geographic area – indeed, within blocks of the RHI office in which he worked at the time of his resignation. In addition, Wojdyl violated his contractual and common law obligations to RHI by unlawfully misappropriating and misusing RHI's confidential, proprietary and trade secret information, including client and candidate information, RHI documents and business information (collectively, "RHI's Trade Secrets"), for the benefit of himself and Execu/Search. Furthermore, both Wojdyl and Execu/Search have engaged in unfair competition, and continue to compete unfairly, against RHI by contacting and/or soliciting both clients and candidates of RHI, whose names and other RHI Trade Secrets appear on the very documents which Wojdyl stole from RHI.

3.      Defendants' misappropriation of RHI's Trade Secrets threatens RHI's client and candidate relationships, and their continuing unfair competition, unlawful solicitation, and breaches of fiduciary duties stand to irreparably harm RHI's reputation and goodwill, which it has cultivated for well over a century. Injunctive relief is, therefore, clearly necessary and warranted in this instance in order to protect RHI against Defendants' ongoing and continuing flagrant violations.

## PLAINTIFF RHI'S NEED FOR EXPEDITED DISCOVERY

4.      As set forth in more detail in the Complaint and the Fay Declaration, Wojdyl systematically printed and emailed to himself from his RHI computer, numerous documents containing RHI's Trade Secrets, including, among other confidential information, client contact and candidate information, as well as RHI business strategies, during night hours and the weekend prior to his departure from RHI, when the office was sure to be sparsely populated. Wojdyl did so knowing that he would shortly be resigning from his employment with RHI and commencing employment with Execu/Search, a direct competitor of RHI.

5.      Indeed, Wojdyl did in fact immediately after tendering his resignation from RHI, join Execu/Search, which does business at 675 Third Avenue, New York, New York. This is in clear violation of the temporal and geographic restrictions contained in Wojdyl's employment agreements with RHI.

6.      RHI has learned that since Wojdyl joined Execu/Search, Defendants have contacted at least one of RHI's clients in an effort to solicit their business, as well as at least one of RHI's candidates whom Execu/Search has sought to place. It is readily apparent that Defendants are improperly exploiting RHI's Trade Secrets for this purpose, to their benefit and to the detriment of RHI.

7.      It is reasonable to infer from this improper conduct that Defendants likely have engaged in additional illicit misappropriation of RHI's trade secret and/or confidential proprietary information, to the further detriment of RHI's business and customer goodwill.

8.      RHI respectfully submits that it has established, as discussed in its supporting Memorandum of Law, that it is entitled to a temporary restraining order and preliminary injunction against the Defendants to ensure, among other things, that Wojdyl will not continue to violate his contractual and common law obligations to RHI; that Wojdyl will comply with his

non-competition, non-disclosure and non-solicitation obligations; that Defendants will not continue their unlawful use or disclosure of RHI's trade secrets and/or confidential proprietary information; and that RHI will no longer suffer any further injury to its business and customer goodwill.

9. In addition, RHI needs expedited discovery in this action in order to (a) determine the full scope of Wojdyl's breaches of his common law and contractual obligations to RHI; and/or (b) identify any unknown individual(s) who have aided and abetted the Defendants in (i) the theft of RHI's Trade Secrets, or (ii) unfair competition with RHI; (c) determine the extent of RHI's Trade Secrets misappropriated by the Defendants, and (d) expedite the retrieval of these materials to ensure that they are not further used by Defendants or disclosed to any third parties.

10. While Federal Rule of Civil Procedure 34 generally provides that a party upon whom a document request is served must respond within 30 days, the rule also specifically provides that "[a] shorter . . . time may be directed by the court." As set forth in more detail in RHI's supporting Memorandum of Law, courts have interpreted this provision to permit expedited discovery where, as here, the plaintiff shows (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of irreparable injury; and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

11. The facts in this case fully establish this need for expedited discovery. First, as set forth in the Complaint, the Memorandum of Law in Support of its Motion for a Temporary Restraining Order, Preliminary Injunction and Expedited Discovery, and the Fay Declaration, RHI has shown irreparable harm stemming from Defendants' conduct as well as a probability of success on the merits of its claims. RHI has shown also that it needs expedited discovery in

order to prevent further irreparable injury to it and to determine the scope of the injury already inflicted upon it by Defendants' tortious misconduct.

12. Furthermore, Defendants must be ordered to immediately preserve and not alter, and RHI must be permitted to inspect and image, all computers and other electronic devices, including, but not limited to, computers, hard disk drives, floppy disk drives, removable storage devices (e.g., thumb drives), CDs, DVDs, pda's, cell phones, blackberries and/or all other similar electronic storage devices belonging to, under the control of, accessible to, or operated by Wojdyl on which RHI information of any kind resides or may have resided so that RHI can understand the full extent of Defendants' misappropriation of, and whether Defendants have further disseminated, RHI's Trade Secrets. Defendants must also be ordered to immediately produce any and all emails sent to, or from, Wojdyl's personal email account, dgwoj@hotmail.com, or any other personal email account used by Wojdyl, which refer or relate in any way to, RHI or any of RHI's clients, candidates, business information or strategies, training materials, or any other of RHI's Trade Secrets.

13. Finally, there is certainly no injury resulting to Defendants if expedited discovery is granted. This expedited discovery would include document requests directed to the Defendants and depositions of each of the Defendants.

WHEREFORE, it is respectfully requested that this Court:

(1) grant RHI leave to conduct expedited discovery;

(2) grant RHI leave to serve upon Defendants a request for production of documents and things;

(3) shorten the time periods under Rules 26 and 34(b) in order to require the production of documents by Defendants within five (5) days from service of the document request;

5

(4)    order Defendants to appear for depositions on an expedited basis at a time and date to be scheduled by counsel for RHI.

(5)    order Defendants to preserve and not alter, and to permit RHI to inspect and image, all computers and other electronic devices, including, but not limited to, computers, hard disk drives, floppy disk drives, removable storage devices (e.g., thumb drives), CDs, DVDs, pda's, cell phones, blackberries and/or all other similar electronic storage devices belonging to, under the control of, accessible to, or operated by Wojdyl on which RHI information of any kind resides or may have resided.

(6)    order Defendant Wojdyl to immediately produce any and all emails sent to, or from, Wojdyl's personal email account, dgwoj@hotmail.com, or to or from any other personal email account used by Wojdyl, which refer or relate in any way to RHI or to any of RHI's clients, candidates, business information or strategies, training materials, or any other of RHI's Trade Secrets.

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct.

Executed on May 15, 2007

_____
Gary H. Glaser