**EXHIBIT C**

*1996 U.S. Dist. LEXIS 15146, \**

DAVID HEAVENER and SILVER LAKE INTERNATIONAL PICTURES, Plaintiffs, - against - STEVEN BRENNER, BRENNER MEDIA and UNITED STATES MEDIA CORPORATION, Defendants.

96 Civ. 2719

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

1996 U.S. Dist. LEXIS 15146

October 10, 1996, Decided
October 11, 1996, FILED

**DISPOSITION:** [\*1] Plaintiffs' motion for preliminary injunction denied, and temporary restraining order dissolved.

**CASE SUMMARY:**
**PROCEDURAL POSTURE:** Plaintiff picture company filed a motion for a preliminary injunction against defendant distribution company following a dispute regarding a license granted to the distribution company to show a film made by the picture company. A temporary restraining order had been previously ordered.

**OVERVIEW:** The parties entered into a distribution license agreement whereby the picture company licensed the distribution company the right to distribute a certain film. The agreement specified that the film had to be on 35mm film but the film was on video and could not be used in Italy where it was to be distributed. The film company filed suit to obtain a preliminary injunction and other relief. The court denied the preliminary injunction and dissolved the temporary injunction that had been ordered. It found that the film company failed to show that it was likely to succeed on the merits or that it had raised questions sufficiently serious to be a fair ground for litigation. Further, it did not show that the balance of hardships tipped in its favor. Rather, that balance appeared to tip in the distribution company's favor as it could not show the film it was given.

**OUTCOME:** The court denied the preliminary injunction and dissolved the temporary restraining order.

**CORE TERMS:** motion picture, satisfactory, shot, film, hardships, temporary restraining order, preliminary injunction, written notice, technically, laboratory, television, injunction, designated, dissolved, licensed, telecast, deliver, notify, video, tip

**LexisNexis(R) Headnotes**

Civil Procedure > Remedies > Injunctions > Preliminary & Temporary Injunctions
**HN1**⬇ In order to obtain a preliminary injunction, a party must show irreparable harm in the absence of an injunction, and likelihood of success on the merits, or, alternatively, questions going to the merits sufficiently serious to make them a fair ground for litigation plus a balance of hardships tipping decidedly toward the party seeking injunctive relief.

**COUNSEL:** For DAVID HEAVENER, SILVER LAKE INTERNATIONAL PICTURES, plaintiffs: Robert S. Lewis, Esq., Nyack, NY.

**JUDGES:** LAWRENCE M. McKENNA, U.S.D.J.

**OPINION BY:** LAWRENCE M. McKENNA

**OPINION: MEMORANDUM AND ORDER**

McKENNA, D.J.

Plaintiffs' motion for a preliminary injunction is denied, and the temporary restraining order granted on April 18, 1996 is dissolved. n1

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n1 Contrary to defendants' suggestion, the Court finds that it does have subject matter jurisdiction. Even if plaintiffs' claim for copyright infringement is only incidental to a contract dispute, the parties are of diverse citizenship and the Court cannot find that the matter in controversy, as it appears from the complaint, does not satisfy 28 U.S.C. § 1332.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

HN1 In order to obtain a preliminary injunction, a party must show irreparable harm in the absence of an injunction, and likelihood of success on the merits, or, alternatively, questions going to the merits sufficiently serious to make them a fair ground for litigation plus a balance of hardships tipping decidedly [*2] toward the party seeking injunctive relief. Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir. 1979) (per curiam). Plaintiffs have not made the requisite showing.

Pursuant to a Distribution License Agreement dated as of August 30, 1995 (the "License Agreement"), plaintiff Silver Lake International Pictures ("Silver Lake") (of which plaintiff Heavener is a principal) licensed to United States Media Corporation ("United") (of which defendant Brenner is a principal) the right to distribute in Italy, for use on television or in videos, a motion picture produced by plaintiffs. Defendants paid plaintiffs $ 2,000 on execution of the License Agreement, pursuant to which a further $ 8,000 was due "upon examination and approval of materials by a laboratory designated by Distributor [i.e., United] in California." (License Agreement, Financial Deal Terms, P A.1.b.) The License Agreement provided:

> All Physical Materials will be considered technically satisfactory for the manufacture of first-class telecast materials for telecast purposes if Licensee does not notify Licensor otherwise within 60 days after their Delivery. If Licensee so notifies Licensor in [*3] writing, then Licensor will either timely correct any defects or deliver new Physical Materials, at Licensor's expense, within 30 days of receipt of written notice. If Licensor fails to either correct any defects or deliver new Physical Materials, Licensor will return all monies paid vs. the license fee and materials, to Licensee, within 30 days of written notice from Licensee.

(License Agreement, Standard Terms and Conditions, P 2.a ("Delivery/Evaluation of Physical Materials").)

Prior to entering into the License Agreement, a representative of Silver Lake had represented to defendants that the motion picture had been shot on 35MM film. After entry into the License Agreement, however, defendants discovered that the motion picture had been shot on video film, and that, in their then condition, the materials made available by Silver Lake were inadequate for the purposes for which the motion picture had been licensed. Defendants gave plaintiffs timely notification that the materials were not technically satisfactory. (See Def. Ex. 7, Letter, Brenner to Heavener, Feb. 28, 1996.) Silver Lake did not, within 30 days, correct the defects in the Physical Materials initially delivered, [*4] or supply United with satisfactory new Physical Materials (although defendants have made continuous efforts of their own to obtain materials from which the motion picture can be satisfactorily exhibited on Italian television), nor has it returned the $ 2,000 paid by United. The $ 8,000 payment due from United to Silver Lake is not yet due because the materials have not yet been approved by a laboratory designated by United in California (or elsewhere) (nor has it been shown that such approval is being unreasonably withheld by United).

Plaintiffs have failed to show that they are likely to succeed on the merits or that they have raised questions sufficiently serious to be a fair ground for litigation. Further, they have not shown that the balance of hardships tips in their favor. Rather, that balance appears to tip in defendants' favor, since it entered into the License Agreement on the understanding that the motion picture was shot on 35MM film, but has, so far, been unable to meet is commitments for distribution in Italy because of the inadequacy of the materials made available to it by Silver Lake.

Preliminary injunction denied and temporary restraining order dissolved.

The parties [*5] are to complete discovery by June 30, 1997 and file a pretrial order by July 31, 1997.

SO ORDERED.

Dated: New York, New York
October 10, 1996

LAWRENCE M. McKENNA

U.S.D.J.

Service: **Get by LEXSEE®**
Citation: **1996 us dist lexis 15146**
View: Full
Date/Time: Monday, May 21, 2007 - 5:35 PM EDT

 About LexisNexis | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.