USDC SDNY
DOCUMENT

5/25/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

ROBERT HALF INTERNATIONAL INC.,

        Plaintiff,

- against -

DAVID WOJDYL; and
THE EXECU/SEARCH GROUP, INC.,

        Defendants.

----------------------------------------------------------x

Civ. A. No. 07-3821(RWS)

**ORDER TO SHOW CAUSE
WITH TEMPORARY
RESTRAINING ORDER**

This matter having been brought to the Court by Seyfarth Shaw LLP, attorneys for Plaintiff Robert Half International Inc. ("RHI"), and upon written notice of this Motion being given to defendants David Wojdyl ("Wojdyl") and The Execu/Search Group, Inc. ("Execu/Search") (collectively, "Defendants") as set forth in the accompanying Rule 65 Certification; and it appearing to the Court from the facts alleged in the Complaint, the Declaration of Dawn S. Fay, the Declaration of Gary Glaser, Esq., and the accompanying Memorandum of Law; that immediate and irreparable harm will be caused to RHI before a hearing may be held on this Motion; and for other good cause appearing for the entry of this Order, it is hereby

    **ORDERED** that sufficient reason having been shown therefore, pending the hearing and determination of this motion for preliminary injunction, Defendants, and all persons acting in concert with them, be, and hereby are, temporarily restrained and enjoined until further Order of the Court as follows:

    1.    Defendant Wojdyl is temporarily restrained and enjoined from directly or indirectly, operating, owning, being associated with, or being employed by any

personnel placement or recruiting company, within fifty miles of either of RHI's New York City offices, located at 245 Park Avenue, New York, New York, and at 33 Whitehall Street, New York, New York;

2. Defendants, and all persons and/or entities acting on their behalf, for their benefit or in active concert or participation with them, are temporarily restrained and enjoined from directly or indirectly disclosing, reproducing, or using any confidential, proprietary and/or trade secret information of any kind, nature or description belonging to RHI, including but not limited to, information relating to RHI's clients and candidates, RHI business and financial information, RHI marketing and pricing strategies and techniques, etc.;

3. Defendant Wojdyl, and all persons and/or entities acting on his behalf, for their benefit or in active concert of participation with him, are temporarily restrained and enjoined from directly or indirectly contacting, or soliciting the trade and patronage of RHI customers or clients;

4. Defendant Wojdyl, and all persons and/or entities acting on his behalf, for their benefit or in active concert or participation with them, are temporarily restrained and enjoined from directly or indirectly contacting or soliciting RHI's candidates, applicants, temporary employees and consultants (collectively, "candidates");

5. Defendant Execu/Search is temporarily restrained and enjoined from directly or indirectly soliciting RHI clients (who were RHI clients as of the date of Wojdyl's resignation), and from filling any RHI job orders from the period of Wojdyl's employment with RHI, except for those clients with whom Execu/Search had relationships that pre-dated Wojdyl's resignation from RHI on March 26, 2007,

2

and, as to the job orders, unless Execu/Search had the same job orders prior to the date of Wojdyl's resignation on March 26, 2007;

6. Defendant Execu/Search is temporarily restrained and enjoined from directly or indirectly soliciting RHI job candidates (who were RHI candidates as of the date of Wojdyl's resignation), except for those job candidates with whom Execu/Search had relationships with that pre-dated Wojdyl's resignation from RHI on March 26, 2007;

7. Defendants, and all persons and/or entities acting on their behalf, for their benefit or in active concert or participation with them, are directed not to destroy, but to immediately return to RHI all documents, records and property of any kind or nature whatsoever and in whatever form, including electronic (including copies thereof and computer records) (collectively referred to as "materials"), which are within the Defendants' possession, custody or control and belong to RHI, including, without limitation, any such materials that contain, reflect or refer to RHI's clients, candidates, training materials or other documents reflecting RHI's methods of doing business and/or business strategies; and

**IT IS FURTHER ORDERED** that Defendants shall preserve, and not destroy, damage, or alter in any way, all potentially relevant evidence in this action, including, but not limited to, any RHI material residing on Wojdyl's personal computer(s) and any and all electronic devices, including, but not limited to, computers, hard disk drives, floppy disk drives, removable storage devices (*e.g.*, thumb drives), CDs, DVDs, pda's, cell phones, blackberries and/or all other similar electronic storage devices belong to, under control of, accessible to, or operated by Wojdyl. Defendants shall also preserve, and not destroy, damage, or alter in any way, all e-mails in any

and all of Wojdyl's email accounts, including, but not limited to, his personal Hotmail account (dgwoj@hotmail.com), which refer to, relate to and/or contain RHI information of any kind; and

**IT IS FURTHER ORDERED** that

Defendants immediately produce any and all emails sent to, or from, Wojdyl's personal email account, dgwoj@hotmail.com, or any other personal email account used by Wojdyl, which refer or relate in any way to, RHI or any of RHI's clients, candidates, business information or strategies, training materials, or any other of RHI's Trade Secrets; and

**IT IS FURTHER ORDERED** that

1. The parties may, immediately after service of this Order, engage in expedited discovery;

2. RHI may, immediately after service of this Order upon Defendants, notice the deposition of Wojdyl, including inspecting requested documents at the deposition, upon five (5) court days' written notice;

3. RHI may, immediately after service of this Order upon Defendants, notice the deposition of a corporate witness authorized to testify on behalf of Execu/Search, pursuant to Fed. R. Civ. P. 30(b)(6), including inspecting requested documents at the deposition, upon five (5) court days' written notice;

4. RHI may, immediately after service of this Order upon Defendants, notice the deposition of any non-party pursuant to Fed. R. Civ. P. 45, upon five (5) court days' written notice;

5. RHI may, immediately after service of this Order upon Defendants, propound written discovery upon Defendants requiring verified written responses and the production of documents and things within five (5) court days after service of said request(s); and

**IT IS FURTHER ORDERED** that security in the amount of $15,000 be posted; and

**IT IS FURTHER ORDERED** that service of this Order and Plaintiff's RHI's supporting papers and the Summons and Complaint shall be effected by personal service or overnight delivery upon the Defendants, or upon their attorney(s), on or before the 16th day of May 2007; and

**IT IS FURTHER ORDERED** that Defendants shall serve and file their papers in opposition to Plaintiff RHI's motion for a preliminary injunction, if any, on or before ~~May 21~~, June 2007; and

**IT IS FURTHER ORDERED** that Plaintiff RHI shall serve and file its reply papers in further support of its motion for a preliminary injunction, if any, on or before ~~noon May 23~~, ~~2007~~. June 4, 2007

Dated: New York, New York
       May 25, 2007

SO ORDERED:

_____
U.S.D.J.

5) It is further ordered that the parties will alternate the taking of depositions, the plaintiff starting first, that expedited discovery is granted to both parties, that all outstanding motions will be returnable June 4, and that the trial will include all issues.