

1270 Avenue of the Americas

Suite 2500

New York, NY  10020-1801

212-218-5500

fax 212-218-5526

www.seyfarth.com

Writer's direct phone
(212) 218-5575

Writer's e-mail
gglaser@seyfarth.com

June 4, 2007

**<u>VIA FACSIMILE (212) 805-7925</u>**

Honorable Robert W. Sweet,
United State District Judge
United States District Court (S.D.N.Y.)
United States Courthouse
500 Pearl Street, Room 1920
New York, N. Y.  10007

> ### Re:    ***Robert Half International Inc. v. The Execu/Search Group, Inc., et al.***
> ###           ***07-CV-3821 (RWS)***

Dear Judge Sweet:

     As Your Honor is aware, this firm represents the Plaintiff, Robert Half International Inc. ("RHI"), in the above-referenced action.  As Your Honor may recall, during the hearing before the Court on May 23, 2007, the Court directed that the preliminary injunction hearing in this matter be consolidated with the trial on the merits, which Your Honor subsequently confirmed in the Court's Order, dated May 25, 2007.

     Given the current time constraints, we respectfully submit this letter brief in lieu of a more formal motion requesting that the Court bifurcate the preliminary injunction hearing, and continue the trial on the merits and damages after the parties have had an opportunity to conduct and complete discovery.  Several points of concern merit bifurcation.

     <u>First</u>, in the limited time the parties have had between the May 23, 2007 hearing and the anticipated June 6, 2007 hearing/trial date, plaintiff and defendants have agreed to adjourn depositions and instead devote their resources and attention to negotiating a settlement of this matter, in an effort to save the substantial costs that would be incurred if the parties proceeded directly to discovery.  Indeed, despite each side having noticed several depositions, and served a substantial number of document requests, neither party has yet responded to any discovery request in this matter.  The parties, however, have not been idle.  In addition to responding to Defendants' motion to dismiss, Plaintiff drafted a settlement term sheet and since then, a number of proposed revisions to the term sheet have been exchanged as late as this afternoon.  While we remain cautiously optimistic that the parties will be able to come to terms on the major issues, the

BRUSSELS     WASHINGTON, D.C.     SAN FRANCISCO     SACRAMENTO     NEW YORK     LOS ANGELES     HOUSTON     CHICAGO     BOSTON     ATLANTA



likelihood of any discovery taking place in the event the settlement negotiations fail is highly unlikely.

Second, the lack of discovery includes Defendants' failure to respond to Plaintiff's request for electronic discovery. Significantly, one of the Order to Show Causes executed by Your Honor required Defendants to show cause why an order should not be issued permitting RHI to "inspect and image all computers and other electronic devices . . . under the control of, accessible to, or operated by Wojdyl on which RHI information of any kind resides or may have resided." At the May 23, 2007 hearing where such issue was to be addressed by Defendants, Defendants failed to show cause, but Your Honor directed the parties to attempt resolve the matter amongst themselves. Notwithstanding the Court's directive, Defendants have completely refused to allow RHI to proceed with any electronic discovery. Without the requested electronic discovery (or for that matter, any discovery), Plaintiff may not have all of the evidence that it needs to prove not only the merits of its claims, but equally important, the extent of the damages caused to Plaintiff by Defendants.

Accordingly, should the Court proceed with a consolidated preliminary injunction hearing with a trial on the merits, Plaintiff's ability to meet its burden of proof will be substantially impaired, which would be highly prejudicial. See Abraham Zion Corp. v. Lebow, 761 F.2d 93, 101 (2d Cir. 1985) (holding that district court's decision to consolidate preliminary injunction hearing with trial on the merits may be overturned if there's a showing of substantial prejudice in the sense that a party was not allowed to present material evidence). Indeed, the Supreme Court stated in University of Texas v. Camenisch, 451 U.S. 390 (1981), that "it is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits." 451 U.S. 390, 395 (1981). In particular, several courts have held that consolidation of a preliminary injunction hearing with a trial on the merits is not proper if it forecloses a party's opportunity to take discovery, especially where there has been no delay in the proceedings, as is the case here. See, e.g., Playskool, Inc. v. Product Dev. Group, Inc., 699 F. Supp. 1056, 1063 (S.D.N.Y. 1988); Update Art, Inc. v. Charnin, 110 F.R.D. 26, 36 (S.D.N.Y. 1986) ("[W]here consolidation is to be ordered, "the parties should normally receive clear and unambiguous notice to that effect . . . at a time which will still afford the parties a full opportunity to present their respective cases."). It is respectfully submitted that under the circumstances, Plaintiff has not been afforded a "full opportunity" to present its case.

Third, on Friday, June 1, 2007, RHI filed an Amended Complaint, as was its right, pursuant to Fed. R. Civ. P. 15(a), to include a new and separate cause of action for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq. ("CFAA"). It is respectfully suggested that Plaintiff is entitled to request discovery from defendants regarding these new allegations, as well. That Plaintiff has not been afforded discovery on either the allegations of the original Complaint, or with respect to this new claim, would, it is respectfully submitted, cause serious prejudice to Plaintiff, in violation of its right to due process, should the trial on the merits remain consolidated with the hearing on the Preliminary Injunction as originally contemplated by the Court.

Fourth, we understand from the Your Honor's court clerk that the parties will be operating under severe time constraints during the hearing/trial scheduled for June 6, 2007, given that there are other matters on the Court's agenda for that day, and thereafter. Plaintiff anticipates calling at



least three to four trial witnesses, and Defendants have likewise issued no less than four trial subpoenas.  We respectfully suggest that under such apparent time constraints, it would be most practical to conduct the preliminary injunction hearing in the first instance, and to continue the trial on the merits and litigation of the damages issues at a later date when all parties would have the opportunity to adequately prepare.  Such proposal would allow the parties to complete the necessary discovery.

Please understand, Your Honor, that we remain cautiously optimistic that the parties will be able to finalize the key terms of settlement that the parties have been working vigorously toward; nevertheless, because of the importance of the issue, we felt compelled to bring this issue before the Court in the event that we are unable to bring the settlement to fruition.

Thank you in advance for Your Honor's consideration to the foregoing.  Should the Court require any additional information regarding any of the above issues, we would be happy to provide same.

Respectfully submitted,

SEYFARTH SHAW LLP

Gary H. Glaser

GHG:st

Encs.

cc:    A. Michael Weber, Esq.
       Gregory B. Reilly, Esq.
       James Yu, Esq.