RECEIVED
JUN 18 2007
JUDGE SWEET CHAMBERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT HALF INTERNATIONAL INC.,

Plaintiff,

- v -

DAVID WOJDYL; and
THE EXECU/SEARCH GROUP, INC.,

Defendants.

Index No. 07 Civ. 3821 (RWS)

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Robert Half International Inc. ("RHI") and Defendants David Wojdyl and The Execu/Search Group, Inc. ("Execu/Search") that, in view of the fact that this action may involve the disclosure of, among other things, valuable information that is regarded as confidential, proprietary and/or trade secret information by the parties hereto (collectively, "Confidential Material"), the following Protective Order be entered, subject to the approval of the Court.

IT IS HEREBY STIPULATED, AGREED AND ORDERED THAT:

1. Definition Of Confidential Information. There will be two levels of confidentiality of Confidential Material: "Confidential" and "Attorneys Eyes Only." Confidential information, for the purposes of this Confidentiality Stipulation and Protective Order, is any trade secret or other confidential or commercially sensitive, technical, or financial information. Attorneys Eyes Only information is: (a) any extremely sensitive trade secret or other proprietary, commercially sensitive, technical, or financial information, or information containing business policy, strategic planning, or competitive analysis, research, development, or ~~commercial information deemed~~



sufficiently confidential that there is a significant risk of injury to the designating party if the Confidential Material is disclosed to any Party or any officers, directors, or employees of any of the Parties; or (b) information regarding the Parties' current or former employees' terms and conditions of employment, including, but not limited to, personnel and compensation information. If a designation of Confidential or Attorneys Eyes Only is challenged, the designating party bears the burden of demonstrating the propriety of the designation.

2. Designation of Confidentiality.

(a) All Confidential Material a Party or Nonparty Witness wishes to designate as Confidential or Attorneys Eyes Only as defined above shall be so designated by stamping (without obscuring the legibility of the document) the Confidential Material with the words "Confidential" or "Attorneys Eyes Only" on each page of the document deemed to be Confidential or Attorneys Eyes Only, or upon the disk, tape or other information storage device. In the alternative, if the written Confidential Material to be so designated is substantially voluminous, it may be designated by stamping the first page of each document (for multiple page documents), and designating the documents so designated by Bates Stamp number in writing delivered to all other parties. Electronic information and any copies thereof which are not in a form on which they can readily be stamped, may be designated by a party by describing such information in sufficient detail in a writing delivered to all other parties, and indicating whether such information is "Confidential" or "Attorneys Eyes Only".

(b) A Party's initial failure to designate its own or someone else's Confidential Material as Confidential or Attorneys Eyes Only shall not preclude that Party's so designating it at a later date.

3. Restrictions on Access to Confidential and Attorneys Eyes Only Information.

(a) Information designated as "Confidential" may be shown or be accessible to:

(i) Parties, and current and former officers, directors and managerial employees of the Parties to the Action, solely in connection with this Action;

(ii) counsel of record for the Parties to the Action, including attorneys, paralegals, regular and temporary employees, contractors, agents, and support staff of said counsel, as well as experts and consultants and their employees retained by such counsel of record, solely in connection with this Action;

(iii) in-house corporate counsel of the Parties, solely for purposes of assisting counsel of record in prosecuting or defending the Action, and without divulging such information to any other current or former officers, directors or employees of the Parties;

(iv) any person who has prepared or received such document containing Confidential or Attorneys Eyes Only information in the ordinary course of his or her employment for a purpose unrelated to this Action (but not individuals who had access to the information contained in such document but neither prepared or received such

document), *and who continues to be authorized to have access to such document*;

(v) the Court, court personnel, any court or shorthand reporter or typist used to record or transcribe testimony, and jurors or alternate jurors; and

(vi) vendors and other litigation support services used by counsel for the Parties for the purpose of photocopying, imaging, coding, storing, or otherwise handling documents produced or made available by the Parties.

(b) Information designated as "Attorneys Eyes Only" may be shown or be accessible only to those categories of persons listed in subparagraphs (a)(ii) through (a)(vi), but not (a)(i), above.

4. Handling of Confidential or Attorneys Eyes Only Materials.

Any person in possession of Confidential or Attorneys Eyes Only materials shall exercise reasonable and appropriate care with regard to the storage, custody, or use of such materials to ensure that their confidential nature is maintained. Such information shall only be used in connection with this Action, and any appeal thereof, unless otherwise agreed by the parties in writing or ordered by a court of competent jurisdiction.

5. Undertaking.

(a) A party desiring to disclose Confidential or Attorneys Eyes Only information to an independent outside expert or consultant under paragraph 3(a)(ii) shall first have such person sign an undertaking in the form attached as Exhibit A, a copy of which shall be provided to all parties prior to any disclosure of Confidential information or Attorneys

Eyes Only information, as the case may be, to such person. In addition to the foregoing, if a party wishes to disclose Confidential or Attorneys Eyes Only information to any independent outside expert or consultant under paragraph 3(a)(ii), such party shall first give written notice to the party whose information it desires to disclose, who shall have five (5) business days after such notice is received to object in writing. Any objection under this paragraph shall be made in good faith and on reasonable grounds and shall take the form of a detailed writing sufficient to apprise the proposing party of the specific bases for objection. Failure to object within five (5) business days of receiving a written notice pursuant to this paragraph shall be deemed approval, and such person shall thereafter be authorized to have access to the objecting party's Confidential and Attorneys Eyes Only information pursuant to the terms and conditions of this Protective Order.

(b) The notice shall contain the following information about the proposed expert or consultant under paragraph 3(a)(ii):

(i) business address;

(ii) business title;

(iii) business or profession;

(iv) any and all current professional relationship(s) with any of the parties, any known competitors of an adverse party, or any of their related entities; to the extent that a specific identification of a consultant's client cannot be provided due to a confidentiality agreement or otherwise, the parties will provide sufficient disclosure so that any party producing Confidential or Attorneys Eyes Only information under this

protective order can reasonably assess any concerns regarding the disclosure of such information to such consultant; and

(v) a curriculum vitae showing employment/consulting history, publications, and prior testimony.

(c) Should the parties be unable to resolve the objection, the proposing party shall raise this matter with the Court and request an Order permitting such individual's access to the objecting party's Confidential and Attorneys Eyes Only information.

(d) The proposing party shall not disclose any Confidential or Attorneys Eyes Only information of the objecting party to the proposed employee, expert, or consultant during the period for objection, nor during the pendency of any request made to the Court in accordance with this paragraph. No party shall use its right to object to a proposed designee to interfere with the ability of the other party to reasonably prepare for trial, and consent to the disclosure of information shall not unreasonably be withheld.

(e) The administrative and clerical staff of an independent outside consultant or expert under paragraph 3(a)(iii) shall be deemed to have signed the undertaking in the form of Exhibit A when the independent outside expert or consultant supervising such individuals has executed the undertaking. Likewise, the support, administrative, or clerical staff of a litigation vendor under paragraph 3(a)(vi) shall be deemed to have signed the undertaking in the form of Exhibit A when the person authorized to execute the undertaking on behalf of the litigation vendor employing such individuals has executed the undertaking.

6. Filing with the Court. In any submission to the Court, every document, memorandum, brief, motion, deposition transcript, or other item containing or referring to

Confidential or Attorneys Eyes Only information shall be filed with the Clerk under seal, and such material shall plainly state on the first page of any bound or stapled document "CONFIDENTIAL -- FILED UNDER SEAL" and shall be filed only in sealed envelopes on which shall be endorsed the caption of the Action, and a statement substantially in the following form:

**CONFIDENTIAL**

> This envelope contains documents that are subject to a Confidentiality Order. This envelope shall neither be opened nor the contents revealed except at the direction of the Court.

The Clerk shall maintain such documents under seal and such documents, so filed, shall only be available for inspection by the Court and by counsel of record to the Parties.

7. In the event that a party objects to the designation of certain information as Confidential or Attorneys Eyes Only, counsel for the parties shall attempt to resolve such dispute in good faith on an informal basis. If no resolution is reached, the objecting party may ask the Court to resolve the dispute. Pending resolution by the Court, the documents or information subject to the dispute shall be treated as Confidential or Attorneys Eyes Only under the terms of this Confidentiality Stipulation and Protective Order.

8. Inadvertent Disclosure. If, as a result of inadvertence or other excusable reason, a party or witness has heretofore produced or disseminated a document or information or hereafter produces a document containing Confidential or Attorneys Eyes Only information without designating that document as Confidential or Attorneys Eyes Only, the producing Party or Nonparty Witness may retroactively designate the document as Confidential or Attorneys Eyes Only by informing the Party or Parties to whom he,

she, or it has produced such document of the identification or number(s) of the document they desire to designate as Confidential or Attorneys Eyes Only. Such document shall be treated as Confidential or Attorneys Eyes Only pursuant to this Confidentiality Stipulation and Protective Order from and after the date the receiving party or parties receive such designation.

9. Nothing in this Confidentiality Stipulation and Protective Order shall prejudice any party from seeking modification of this Confidentiality Stipulation and Protective Order.

10. Injunctive Relief. In the event anyone shall violate or threaten to violate the terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person. The parties and any other person subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order, notwithstanding any subsequent disposition of this action.

11. At the conclusion of this action, each party shall return to the other all Confidential Material embodying information designated by the other as Confidential and Attorneys Eyes Only, including all copies of or excerpts from summaries of such Confidential Material that may have been made. Receipt of such Confidential Material shall be acknowledged by the recipient in writing. In the alternative, the party may destroy all such confidential records, provided he/she/it does so promptly at the conclusion of this action and certifies to opposing counsel in writing the date of destruction accompanied by reasonable description of the documents destroyed.

12. This Confidentiality Stipulation and Protective Order may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document.

13. The terms of this Confidentiality Stipulation and Protective Order shall survive and remain in full force and effect after the termination of this lawsuit.

By:______________________________

Gregory B. Reilly (GR-6189)
Littler Mendelson, P.C.
Attorneys for Plaintiff
885 Third Avenue, 16th Floor
New York, New York 10022
(212) 583-9600

By: Gary H. Glaser

Gary H. Glaser (GG-9696)
Seyfarth Shaw LLP
Attorneys for Defendants
1270 Avenue of the Americas, Suite 2500
New York, New York 10020-1801
(212) 218-5500

So Ordered:

Sweet

Sweet, J. USDJ

6-21-07

13. The terms of this Confidentiality Stipulation and Protective Order shall survive and remain in full force and effect after the termination of this lawsuit.

By:______________________
Gregory B. Reilly (GR-6189)
Littler Mendelson, P.C.
Attorneys for Plaintiff
885 Third Avenue, 16th Floor
New York, New York 10022
(212) 583-9600

By:______________________
Gary H. Glaser (GG-9696)
Seyfarth Shaw LLP
Attorneys for Defendants
1270 Avenue of the Americas, Suite 2500
New York, New York 10020-1801
(212) 218-5500

So Ordered:

______________________
Sweet, J.





**EXHIBIT A**

| | |
|---|---|
| ROBERT HALF INTERNATIONAL INC.,<br><br>Plaintiff,<br><br>- against -<br><br>DAVID WOJDYL; and<br>THE EXECU/SEARCH GROUP, INC.,<br><br>Defendants. | 07-CV-3821 (RWS) |

**UNDERTAKING TO ABIDE BY PROTECTIVE ORDER**

I,_____________, declare that my address is ______________________________. My current employer is ______________________________. My current occupation is ______________________________.

1. I have received a copy of the Confidentiality Stipulation and Protective Order in the above captioned action. I have carefully read and understand the provisions of the Confidentiality Stipulation and Protective Order.

2. I understand that the documents and information disclosed to me are to be used by me solely to assist counsel in connection with this action. In accepting disclosure, I agree to be bound by the Confidentiality Stipulation and Protective Order and submit to the jurisdiction of the Court in this action for the purposes of enforcement of the Confidentiality Stipulation and Protective Order.

3. I understand that I am to retain all documents or other materials designated as "Confidential" and "Attorneys Eyes Only," that I receive pursuant to the Order, and all copies or other reproductions thereof made by me, for me, or at my direction, in a safe and secure place and allow limited access thereto consistent with the Order. I understand that all such documents and materials are to remain in my custody until I have completed my assigned duties, at which time they are to be returned to Outside Counsel of record for the party who provided them to me. I understand that, upon completion of my assigned duties, any materials, memoranda, work notes, or other documents derived from such documents or materials, or containing any confidentially-designated information provided in such materials, shall be destroyed. I understand that such destruction shall not relieve me from any of the continuing obligations of confidentiality imposed upon me by the Order.

4. I agree to: (a) notify all secretarial, clerical, or other personnel who are required to assist me in my assigned duties of the terms of the Order; and (b) provide them with an unsigned copy of this Declaration.

5. I will comply with all of the provisions of the Confidentiality Stipulation and Protective Order. I will hold in confidence, will not disclose to anyone not authorized under the Confidentiality Stipulation and Protective Order, and will use only for purposes of this action any information marked or designated as Confidential or Attorneys Eyes Only that is disclosed to me.

6. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Confidentiality Stipulation and Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:______________ Signature:

______________________

Printed name:

______________________